## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CLARA REECE FULLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2471-CM |
| ) | |
| **ALLIANT ENERGY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff, who appears pro se, filed the instant action in this court pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges race discrimination. Plaintiff was employed by defendant for several years at its Cedar Rapids, Iowa location. This matter is before the court on defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Transfer Due to Improper Venue (Doc. 11).

"Title VII contains its own venue provision. It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions." *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). Section 2000e-5(f)(3) of Title VII, the venue provision, states as follows:

> [A Title VII action] may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the

> respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(3).

In the instant action, defendant employed plaintiff in Cedar Rapids, Iowa, maintains plaintiff's personnel files in Iowa, and has its principal office in Iowa. Further, plaintiff admitted that the employment action claimed to be discriminatory occurred in Iowa. (Complaint, ¶ 12).

In response, plaintiff contends that, because defendant's attorneys were admitted pro hac vice in this case, venue is not at issue. However, in order to adequately represent defendant, defendant claims that it was necessary for the defendant's attorneys to be admitted pro hac vice before filing the motion to dismiss. The court does not construe defense counsel seeking the court's permission to represent defendant in this action as waiving any claim of improper venue. Rather, pursuant to § 20005-5, it appears clear that venue in this court is improper. In fairness to plaintiff, the court will not dismiss the matter but will instead transfer this case to the United States District Court for the Northern District of Iowa.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Transfer Due to Improper Venue (Doc. 11) is granted to the extent that the court hereby transfers this case to the United States District Court for the Northern District of Iowa.

Dated this __18__ day of May 2005, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**

-3-